[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 9, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 08-10736
Non-Argument Calendar

----------------------------------------

D.C. Docket  No. 92-00049-CR-1-JOF-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY BERNARD BUSH,

Defendant-Appellant.

----------------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
----------------------------------------------

**(October 9, 2008)**

Before EDMONDSON, Chief Judge, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jeffrey Bernard Bush appeals the 24-month-within-guidelines-range sentence imposed for violation of his supervised release. No reversible error has been shown; we affirm.

The petition for revocation listed three supervised release violations: (1) an arrest on 13 October 2005 for possession of marijuana with intent to distribute; (2) false statements in his monthly report about his ownership and operation of a car and a false statement about his address; and (3) an arrest on 13 November 2005 for possession of marijuana (to which Defendant entered a guilty plea) and improper lane change. Defendant admitted to violations two and three; violation one was denied and that violation was dismissed. Defendant accepts that violations two and three present grounds for the revocation of his supervised release; he offers explanation in mitigation of these violations.

At the revocation hearing, the district court heard evidence and argument in mitigation of Defendant's supervised release violations. About Defendant's false statements on his ownership and operation of a car, Defendant explained that his uncle, who was an amputee and could not register a car in his name, had asked him to purchase the car so that Defendant and others could drive the uncle from time to time. Because Defendant did not consider the car his own, he failed to disclose ownership. Unexplained was his failure to disclose his use of the car. About the

2

false statement of his address given to the police, Defendant explained that the address he gave -- that of his grandmother with whom he had lived for many years and from which he moved only recently -- was an unintentional misstatement; the correct address had been provided by Defendant to his probation officer.

In mitigation of the marijuana arrest set out in violation 3, Defendant explained that he pleaded guilty to that offense in a desperate effort to be transferred out the Clayton County jail where he was being held while the case was pending. According to Defendant, one of the guards sexually assaulted him and a number of other prisoners. Defendant and others made reports of the assault and charges were pending against the guard. That Defendant had made sexual abuse charges against a guard was known by jail staff; Defendant felt threatened and pleaded guilty to the marijuana offense out of fear. Defendant proffered the testimony of others in support of his claim that the marijuana found in the car he was driving was not Defendant's.

In the light of this mitigation evidence, Defendant argues that the 24-month sentence imposed -- albeit concededly within the guideline range of 21 to 27 months -- was unreasonable and significantly more than was necessary to secure the goals of the sentencing statute.

Pursuant to 18 U.S.C. § 3583(e), a district court may revoke supervised release and impose a term of imprisonment after considering certain 18 U.S.C. § 3553(a) factors. We review a sentence imposed upon revocation for reasonableness in the light of the § 3553(a) factors cited in § 3583(e). See United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Appellate review of the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- is under an abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). This review is deferential; and Defendant -- as the party challenging the reasonableness of the sentence -- bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

No requirement exists that the district court state on the record that it has considered each applicable section 3553(a) factor, id. at 786; when a sentencing court fails to mention the section 3553(a) factors, we look to the record to see if the district court did, in fact, consider the relevant factors. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir.), cert. denied, 128 S.Ct. 427 (2007).

The record makes clear that the district court considered the mitigation evidence and the section 3553(a) factors in crafting the sentence imposed. The

4

district court was unpersuaded that Defendant's failure to report his car ownership should be excused. And while the district court observed that the abuse Defendant suffered in the Clayton County jail should not have happened in a civilized society, the court also commented on its obligation to protect the public from lawbreakers, the defendant's criminal history, the defendant's new conviction for a drug crime while serving the supervised release portion of a drug conviction sentence, and the mercy extended by the court when revocation proceedings had been brought earlier against Defendant. Defendant takes issue with the weight accorded the different section 3553(a) factors by the district court; but we will reverse only if the final sentence imposed lies outside the range of reasonable sentences. See United States v. McBride, 511 F.3d 1293, 1297-98 (11th Cir. 2007). Even if we were to balance the mitigation evidence differently, we cannot say the 24-month sentence imposed reflects a "clear error of judgment in weighing the § 3553(a) factors;" it is not "outside the range of reasonable sentences dictated by the facts of the case." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), cert. dismissed, 127 S.Ct. 3040 (2007), abrogated on other grounds, Kimbrough v. United States, 128 S.Ct. 558 (2007). Defendant fails to show substantive unreasonableness.

AFFIRMED.